Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| COBRA ACQUISITIONS LLC<br><br>Parte Peticionaria<br><br>v.<br><br>MUNICIPIO DE LAS PIEDRAS, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Parte Recurrida | TA2026CE00676<br><br>Consolidado<br><br>TA2026CE00677<br><br>TA2026CE00755<br><br>TA2026CE00756 | *Certiorari* procedente del Tribunal de Primera Instancia Sala de San Juan<br><br>Caso Núm. SJ2020CV01549<br><br>Sobre: Sentencia Declaratoria |
| COBRA ACQUISITIONS LLC<br><br>Parte Peticionaria<br><br>v.<br><br>MUNICIPIO DE CAGUAS, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Parte Recurrida | | *Certiorari* procedente del Tribunal de Primera Instancia Sala de San Juan<br><br>Caso Núm. SJ2020CV01234<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparece ante *nos*, COBRA ACQUISITIONS, LLC (COBRA o parte peticionaria), mediante los recursos TA2026CE00676 y TA2026CE00677, respectivamente, y nos solicita que revisemos dos *Resoluciones Interlocutorias* emitidas el 14 de abril de 2026 y notificadas el 15 de abril de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. En virtud de dichos dictámenes, el TPI declaró *no ha lugar* a las solicitudes de enmienda a la demanda instadas por COBRA. En atención a que los recursos de epígrafe están estrechamente

relacionados, por tratarse del mismo asunto y derecho aplicable, ambos casos fueron consolidados.

Además, COBRA nos solicita que revisemos dos *Resoluciones Interlocutorias* emitidas el 12 de mayo de 2026 y notificadas el 13 de mayo de 2026, mediante las cuales el foro primario denegó la continuación del descubrimiento de prueba respecto a aspectos específicos del proceso de cómputo de arbitrios y/o deficiencias de los Municipios.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari* solicitado en el caso TA2026CE00676 y el TA2026CE00677. Asimismo, *denegamos* la expedición del auto de *certiorari* en el caso TA2026CE00755 y TA2026CE00756.[1]

**I.**

**A. TA2026CE00676 y TA2026CE00756**

Según surge del expediente, el caso de autos se originó el 20 de febrero de 2020, cuando COBRA presentó una *Demanda* sobre sentencia declaratoria y cobro de arbitrios de construcción contra el Municipio Autónomo de Las Piedras (Municipio o parte recurrida), la Autoridad de Energía Eléctrica y el Estado Libre Asociado de Puerto Rico.

En esta, alegó que, debido a los daños ocasionados por el paso de los huracanes Irma y María a la infraestructura del país y al sistema de distribución y transmisión de energía eléctrica, el 19 de octubre de 2017, la AEE y COBRA suscribieron un contrato de Emergencia para la Reconstrucción de la Red Eléctrica de la AEE. Esencialmente, COBRA solicitó al tribunal que resolviera que el Municipio carecía de autoridad legal para imponerle arbitrios de construcción, ello pues era un

---

[1] En atención a que los recursos de epígrafe están estrechamente relacionados con los recursos TA2026CE00676 y TA2026CE00677, ordenamos su consolidación en aras de garantizar mayor transparencia, agilidad y efectividad en el manejo de los asuntos pendientes ante *nos*. Véase, Regla 80.1 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 115-116, 215 DPR __ (2025).

contratista de la AEE que se beneficiaba de la exención del pago de arbitrios de construcción que dicha corporación pública poseía. En la alternativa, peticionó que se ordenara al Municipio a que redujera la deficiencia por la cantidad que realmente había constituido alguna obra o actividad de construcción.

Más adelante, el 11 de agosto de 2020, el Municipio, sin someterse a la jurisdicción, presentó una *Solicitud de Desestimación* mediante la cual sostuvo que el foro primario carecía de jurisdicción sobre la materia. Esbozó que, COBRA no cumplió con el requisito impuesto en el Artículo 2.007 de la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, también conocida como Ley de Municipios Autónomos (Ley de Municipios Autónomos) para la impugnación de contribuciones adeudadas. No obstante, el 12 de abril de 2021, el foro primario emitió una *Resolución* declarando *no ha lugar* a la solicitud de desestimación.

Posteriormente, el 21 de diciembre de 2022, el Municipio instó su *Contestación a Demanda y Reconvención*. En esta, negó la mayoría de las alegaciones y admitió otras. Como defensa afirmativa, incluyó, entre otras cosas, que COBRA incumplió con su deber de presentar la Declaración de Actividad requerida por el Artículo 2.007 de la Ley de Municipios Autónomos, *supra*. A su vez, sostuvo que notificó mediante comunicación escrita una factura a COBRA por concepto de los trabajos realizados en la municipalidad pero dicha entidad hizo caso omiso de ello y no presentó su declaración. Señaló que, luego de que COBRA solicitara formalmente una vista, la cual le fue oportunamente concedida, el Municipio notificó la deficiencia contributiva final y el requisito jurisdiccional de proceder con el pago previo a la impugnación de cualquier deficiencia. Empero, según alegó, COBRA se negó, por lo que incumplió con el requisito de ley y privó de jurisdicción al tribunal para atender el caso. Finalmente, alegó que la exención conferida en la Ley de

Municipios Autónomos, *supra,* no era aplicable a COBRA y que las actividades llevadas a cabo por esta constituyeron Actividad de Construcción conforme al estatuto antes citado.

Luego de varias incidencias procesales, el 31 de marzo de 2026, COBRA presentó una *Moción en Cumplimiento de Orden y Solicitud de Autorización de Demanda Enmendada.* Mediante la misma, solicitó al foro primario que le concediera un término para realizar descubrimiento de prueba que le permitiera examinar y, en su caso, impugnar con especificidad la metodología del cómputo y las partidas que componían la reclamación de $1,200,000.00. A su vez, arguyó que la enmienda no transformaba radicalmente la naturaleza del pleito ni sorprendía indebidamente al Municipio, sino que pretendía preservar y articular las causas de acción adicionales que poseía en contra del Municipio.

Por su parte, el 13 de abril de 2026, el Municipio presentó una *Moción en Cumplimiento de Orden; en Oposición a Solicitud de Enmendar Demanda [...].* Planteó que la demanda enmendada intentaba presentarse luego de treinta (30) meses de que el caso fuera sometido para adjudicación, lo cual, a su juicio, constituía una dilación inaceptable. En ese sentido, aseveró que el transcurso del tiempo era suficiente de por sí para denegar la petición de enmendar la demanda. Asimismo, señaló que las causas de acción adicionales no surgieron por situaciones que COBRA desconociera al momento de presentar su demanda. Por ello, puntualizó que permitir la enmienda en cuestión le ocasionaría perjuicio pues concederla luego de seis (6) años de comenzado el pleito y de más de treinta (30) meses de las partes haber presentado sus mociones dispositivas y el Tribunal haber declarado el caso sometido implicaba básicamente comenzar el pleito nuevamente. Finalmente, en cuanto a la causa de acción sobre el cómputo incorrecto, sostuvo que COBRA únicamente tenía derecho a impugnar dicha determinación conforme al

Artículo 2.007 de la Ley de Municipios Autónomos, *supra,* pero decidió no continuar el proceso administrativo.

Evaluados los escritos de las partes, el 14 de abril de 2026, pero notificada el 15 de abril de 2026, el foro primario emitió una *Resolución Interlocutoria* declarando *no ha lugar* la solicitud de COBRA para que se le autorizara enmendar la demanda. Razonó el foro recurrido que, según reconocido por COBRA, antes de presentar la demanda en el caso, se celebró una vista administrativa y/o reunión con el Director de Finanzas el 5 de diciembre de 2019 mediante la cual COBRA tuvo la oportunidad de presentar sus reclamos pero no lo hizo.

En desacuerdo, el 30 de abril de 2026, COBRA presentó una *Moción de Reconsideración de Resolución Interlocutoria.*

No obstante, el 1 de mayo de 2026, el foro primario notificó una *Orden* declarando *no ha lugar* a la solicitud de reconsideración. El foro de instancia determinó que, en su reclamo, COBRA no impugnó la cuantía del arbitrio, sino que se limitó a impugnar la autoridad del Municipio para cobrar dicho arbitrio. Señaló que, como remedio alternativo, COBRA solicitó que, del tribunal determinar que procedía el pago de la deficiencia contributiva (el arbitrio) reclamada por el Municipio, se le ordenara reducir la deficiencia por la cantidad que realmente hubiera constituido alguna obra o construcción conforme a la Ley de Municipios Autónomos, *supra.* En ese sentido, añadió que, COBRA solicitó que se le autorizara a enmendar su *Demanda* para incluir reclamos que, aun cuando conocía desde su origen, no los presentó, identificó o detalló oportunamente.

Acto seguido, el 12 de mayo de 2026, notificada el 13 de mayo de 2026, el TPI emitió una *Resolución Interlocutoria* mediante la cual reconsideró y desautorizó el breve descubrimiento de prueba previamente concedido. Resaltó que, al solicitar revisión judicial sin

haber pagado el arbitrio y/o la deficiencia que pretendía impugnar, COBRA incumplió con el requisito jurisdiccional establecido en el Artículo 2.007(e) de la entonces Ley de Municipios Autónomos de Puerto Rico, 21 LPRA sec. 4057(e), por lo que el Tribunal carecía de jurisdicción para atender asuntos relacionados con la impugnación del arbitrio y/o deficiencia.

Inconforme aun, el 27 de mayo de 2026, la parte peticionaria compareció ante este foro revisor mediante *Petición de Certiorari* en el alfanumérico TA2026CE00676, alegando la comisión del siguiente error:

> Erró y abusó de su discreción el Tribunal de Primera Instancia al denegar la enmienda a la demanda, pues la enmienda propuesta no introduce hechos nuevos, no altera la naturaleza del pleito, no causa perjuicio indebido al Municipio ni dilata los procedimientos, sino que únicamente articula teorías jurídicas adicionales subsumidas en el mismo núcleo fáctico de la demanda original.

Examinado el recurso ante nuestra consideración, el 3 de junio de 2026, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para que mostrara causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Subsiguientemente, en la referida fecha, emitimos una *Resolución* ordenando la consolidación de los recursos de epígrafe, toda vez que ambos están estrechamente relacionados. En cumplimiento con nuestra directriz, el 10 de junio de 2026, la parte recurrida compareció ante este foro intermedio mediante *Alegato en Oposición a Solicitud de Auto de Certiorari.*

Consecuentemente, el 12 de junio de 2026, COBRA compareció ante *nos* mediante una *Petición de Certiorari* en el alfanumérico TA2026CE00756, alegando la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al reconsiderar y desautorizar el descubrimiento de prueba limitado previamente concedido sobre la información y metodología utilizada por el Municipio para computar el costo del proyecto y la cuantía reclamada por concepto de arbitrios y/o deficiencia, al concluir erróneamente que COBRA

ACQUISITIONS, LLC v. Municipio de Yabucoa, 210 DPR 384 (2022), privaba al foro primario de jurisdicción para permitir dicho descubrimiento.

Posteriormente, el 19 de junio de 2026, el Municipio compareció ante este foro revisor intermedio mediante *Memorando en Oposición a Solicitud de Auto de Certiorari* con relación al alfanumérico TA2026CE00756. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## B. TA2026CE00677 y TA2026CE00755

El 12 de febrero de 2020, COBRA presentó una *Demanda* sobre sentencia declaratoria y cobro de arbitrios de construcción contra el Municipio Autónomo de Caguas (Municipio o parte recurrida), la Autoridad de Energía Eléctrica y el Estado Libre Asociado de Puerto Rico.

Según las alegaciones, el 19 de octubre de 2017, la AEE y COBRA suscribieron un contrato de Emergencia para la Reconstrucción de la Red Eléctrica de la AEE tras el paso de los huracanes Irma y María. Posteriormente las partes suscribieron un segundo contrato con vigencia hasta el 29 de mayo de 2019. En virtud de dichos contratos, COBRA se comprometió a proveer mano de obra y supervisión, así como las herramientas, equipos y materiales necesarios para realizar los servicios de restauración en varias localizaciones de servicios de la AEE.

Detalló que, el 15 de abril de 2019, el Municipio le envió una factura con relación a los años 2017-2018, requiriendo el pago, entre otros, de arbitrios de construcción municipales conforme a la Ley de Municipios Autónomos, *supra*, por la cantidad de $3,918,000.00 y un costo de construcción de $65,300,000.00. Luego, el 11 de octubre de 2018, el Municipio le envió una Notificación Final de Cobro de Arbitrios de Construcción Adeudados para el período de 2017-2019, en la cual se le indicó que existía una deuda en el pago de los arbitrios de construcción por los trabajos de reconstrucción del sistema eléctrico por

la cantidad de $1,184,400.00. Sin embargo, luego de presentar sus reclamos formalmente a través de una vista administrativa, el 21 de enero de 2020, el Municipio le envió una Notificación Final de Deficiencia de Arbitrios Municipales de Construcción en la cual le informó que los arbitrios de construcción procedían, por lo que adeudaba la suma de $1,209,600.00.

En su recurso, COBRA esencialmente solicitó al tribunal que declarara con lugar la sentencia declaratoria estableciendo la exención del pago de arbitrios de construcción aplicable a la AEE, por virtud de su ley habilitadora y de la Ley de Municipios Autónomos, *supra*. En adición, solicitó que se resolviera que el Municipio carecía de autoridad legal para imponerle arbitrios de construcción, toda vez que era un contratista de la AEE que se beneficiaba de la exención del pago de arbitrios de construcción que dicha corporación pública poseía. Finalmente, en la alternativa, peticionó que se ordenara al Municipio a reducir la deficiencia por la cantidad que realmente hubiera constituido alguna obra o actividad de construcción conforme a lo resuelto en *ECA Gen. Contract. v Mun. de Mayagüez*, 200 DPR 665 (2018).

Luego, el 20 de febrero de 2020, COBRA presentó una *Demanda Enmendada* con el propósito de añadir tres causas de acción adicionales, a saber: una causa de acción sobre la notificación final de deficiencia de arbitrios municipales de construcción, otra sobre falta de jurisdicción y la última sobre definición de actividad de construcción.

Tras varias incidencias procesales, el 11 de agosto de 2020, el Municipio, sin someterse a la jurisdicción, presentó una *Solicitud de Desestimación*. Arguyó que COBRA incumplió con el requisito impuesto en el Artículo 2.007 de la Ley de Municipios Autónomos, *supra*, para la impugnación de contribuciones adeudadas. No obstante, el 12 de abril de 2021, el foro primario emitió una *Resolución* declarando *no ha lugar* a la

solicitud de desestimación bajo el fundamento de que la demanda aducía hechos suficientes constitutivos de una causa de acción.

Más adelante, el 21 de diciembre de 2022, el Municipio presentó una *Contestación a Demanda y Reconvención*. En esta, negó la mayoría de las alegaciones y admitió otras. Como defensa afirmativa, alegó, entre otras cosas, que COBRA incumplió con su obligación de presentar la Declaración de Actividad requerida por el Artículo 2.007 de la Ley de Municipios, *supra*. Asimismo, alegó afirmativamente que del propio contrato de construcción suscrito entre las partes surgía que COBRA tenía derecho a ser reembolsada por la AEE por concepto de contribuciones locales, incluido el arbitrio de construcción. Sostuvo, además, que COBRA facturó y recibió el pago correspondiente a dichas cantidades, por lo que su posterior negativa a satisfacer el arbitrio constituía, a su juicio, una retención indebida de fondos públicos destinados al pago de esa obligación contributiva. Según argumentó, ello tenía el efecto de aumentar injustificadamente las ganancias obtenidas por COBRA en relación con los trabajos de emergencia sufragados con fondos públicos.

Luego de varias incidencias procesales, el 31 de marzo de 2026, COBRA presentó un *Breve Escrito en Cumplimiento de Orden*. Mediante el mismo, solicitó al foro primario que le concediera un término para realizar descubrimiento de prueba que le permitiera examinar y, en su caso, impugnar con especificidad la metodología del cómputo y las partidas que componen la reclamación de $1,200,000.00. A su vez, acompañó el escrito de una segunda demandada enmendada con el propósito, según alegó, de evitar que reclamaciones de estricto derecho quedaran omitidas o se entendieran renunciadas por razón del curso procesal del caso. Arguyó que la enmienda no transformaba radicalmente la naturaleza del pleito ni sorprendía indebidamente al Municipio, sino

que meramente pretendía preservar y articular las causas de acción adicionales que poseía en contra del Municipio.

Por su parte, el 13 de abril de 2026, el Municipio presentó una *Moción en Cumplimiento de Orden; en Oposición a Solicitud de Enmendar Demanda [...]*. Planteó que, aun cuando el Tribunal Supremo reconoció que el transcurso del tiempo no impide, por sí solo, la admisión de una enmienda, también ha resuelto que, mientras más tiempo haya transcurrido entre el momento en que pudo presentarse la enmienda y aquel en que efectivamente se presentó, más favorece la denegación de la autorización para enmendar. En ese sentido, puntualizó que la demanda enmendada en el caso pretendía presentarse treinta (30) meses después de que el caso fuera sometido para adjudicación, lo cual, a su juicio, constituía una dilación inaceptable. Señaló que COBRA no intentó justificar la razón para la demora y añadió que las causas de acción adicionales no surgieron por situaciones que COBRA desconociera al momento de presentar su demanda. Además, manifestó que permitir la enmienda en cuestión, tras siete años de intentos infructuosos para cobrar la deuda reclamada, le ocasionaría un perjuicio palpable e inmediato toda vez que le permitiría a COBRA continuar postergando el pago adeudado.

Evaluados los escritos de las partes, el 14 de abril de 2026, pero notificada el 15 de abril de 2026, el foro primario emitió una *Resolución Interlocutoria* declarando *no ha lugar* la solicitud de COBRA para que se le autorizara enmendar la demanda. Razonó el foro recurrido que, según reconocido por COBRA, antes de presentar la demanda en el caso se celebró una vista administrativa y/o reunión con el Director de Finanzas el 5 de diciembre de 2019 y como resultado de dicho trámite, COBRA logró que el Municipio redujera la cifra reclamada a $14,000,000.00.

Luego, el 16 de abril de 2026, pero notificada al día siguiente, el foro primario emitió una *Resolución Interlocutoria Enmendada Nunc Pro Tunc* para aclarar cuál partida fue corregida por el Municipio. Así, determinó que COBRA logró que el Municipio redujera la base impositiva a $14,000,000.00.

Inconforme, el 30 de abril de 2026, COBRA presentó una *Moción de Reconsideración de Resolución Interlocutoria Enmendada Nunc Pro Tunc [...]* mediante la cual señaló que denegar simultáneamente la enmienda y la solicitud de descubrimiento de prueba al amparo de la Regla 36.6 de Procedimiento Civil tendría el efecto práctico de obligarle a defenderse de una reclamación monetaria sin acceso a los documentos que la sustentan. Asimismo, sostuvo que la enmienda propuesta surgía del mismo núcleo fáctico del pleito, no alteraba la identidad de las partes, no introducía una controversia ajena ni obligaba al Municipio a defenderse de hechos desconocidos, sino que meramente pretendía articular con mayor precisión controversias ya presentadas en el caso.

No obstante, el 1 de mayo de 2026, el foro primario notificó una *Orden* declarando *no ha lugar* a la solicitud de reconsideración. Mediante dicha determinación, el foro recurrido razonó que el argumento de COBRA respecto a que la *Contestación a Demanda y Reconvención* presentada por el Municipio "*relies in substantial part on numerical calculations, [and] tax computations*" no justificaba que se enmendara la *demanda* en una etapa tan avanzada de los procedimientos.

El 12 de mayo de 2026, notificada el 13 de mayo de 2026, el foro primario emitió una *Resolución Interlocutoria* mediante la cual reconsideró y desautorizó el breve descubrimiento de prueba previamente concedido. Razonó que, al solicitar revisión judicial sin haber pagado el arbitrio y/o la deficiencia que pretendía impugnar, COBRA incumplió con el requisito jurisdiccional establecido en el

Artículo 2.007(e) de la entonces Ley de Municipios Autónomos de Puerto Rico, *supra*, por lo que el Tribunal carecía de jurisdicción para atender asuntos relacionados con la impugnación del arbitrio y/o deficiencia.

En desacuerdo aun, el 27 de mayo de 2026, la parte peticionaria compareció ante este foro revisor mediante *Petición de Certiorari* en el alfanumérico TA2026CE00677, alegando la comisión del siguiente error:

> Erró y abusó de su discreción el Tribunal de Primera Instancia al denegar la enmienda a la demanda, pues la enmienda propuesta no introduce hechos nuevos, no altera la naturaleza del pleito, no causa perjuicio indebido al Municipio ni dilata los procedimientos, sino que únicamente articula teorías jurídicas adicionales subsumidas en el mismo núcleo fáctico de la demanda original.

El 10 de junio de 2026, el Municipio compareció ante este foro mediante un *Alegato en Oposición a Solicitud de Auto de Certiorari* con relación al alfanumérico TA2026CE00677.

Asimismo, el 12 de junio de 2026, compareció ante *nos* mediante *Petición de Certiorari* en el alfanumérico TA2026CE00755, alegando la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al reconsiderar y desautorizar el descubrimiento de prueba limitado previamente concedido sobre la información y metodología utilizada por el Municipio para computar el costo del proyecto y la cuantía reclamada por concepto de arbitrios y/o deficiencia, al concluir erróneamente que COBRA ACQUISITIONS, LLC v. Municipio de Yabucoa, 210 DPR 384 (2022), privaba al foro primario de jurisdicción para permitir dicho descubrimiento.

El 19 de junio de 2026, el Municipio compareció ante este foro revisor intermedio mediante *Memorando en Oposición a Solicitud de Auto de Certiorari* con relación al alfanumérico TA2026CE00755.

Contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en

casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009); *García v. Padró,* 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra; SLG Flores-Jiménez v. Colberg,* 173 DPR 843 (2008).

## B. Regla 13.1 de Procedimiento Civil

De conformidad con la Regla 13.1 de las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V., posterior a haberse notificado la alegación responsiva, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento escrito de la parte contraria.

A pesar de que los tribunales pueden conceder las enmiendas de forma liberal, dicha liberalidad no es infinita. *Epifanio Vidal, Inc. v. Suro,* 103 DPR 793 (1975). Al momento de permitir una enmienda a las alegaciones se deben ponderar los siguientes factores: (i) el impacto del tiempo transcurrido previo a la enmienda, (ii) la razón de la demora, (iii) el perjuicio a la otra parte, y (iv) la procedencia de la enmienda solicitada. *SLG Sierra v. Rodríguez,* 163 DPR 738 (2005).

El factor que resulta de mayor relevancia, al momento de evaluar una solicitud de autorización para enmendar las alegaciones, es el perjuicio que puede causarse a la parte contraria. *SLG Sierra v. Rodríguez, supra,* págs. 749-750. Si el permitir que una parte enmiende sus alegaciones engendra un perjuicio indebido a la parte afectada o si la petición se intenta enmendar en un momento irrazonablemente tardío, usualmente se prohíbe la enmienda. *Íd.*; *Torres Cruz v. Municipio de San Juan,* 103 DPR 217 (1975). No obstante, carece de importancia el tiempo que haya pasado desde la presentación original de la demanda o la naturaleza de la enmienda, si esta resulta inocua a la justicia o a la parte contraria. *SLG Sierra v. Rodríguez, supra*, pág. 750.

**C. Descubrimiento de prueba**

Las Reglas de Procedimiento Civil establecen varios mecanismos para permitir a las partes "descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio". *Rivera Durán v. Banco Popular de P.R.*, 152 DPR 140 (2000). El fin práctico de esos mecanismos, es que las partes tengan derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea. Así pues, el esquema adoptado por nuestras reglas deja en manos de los abogados y abogadas el trámite del descubrimiento, para así fomentar una mayor flexibilidad y cooperación entre las partes. *Lluch v. España Service Sta.*, *supra.*

Asimismo, las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia, (2) obtener evidencia para ser utilizada en juicio, evitando así sorpresa en esta etapa de los procedimientos, (3) facilitar la búsqueda de la verdad y (4) perpetuar la evidencia. Véase, *Rivera et al. v. Arcos Dorados et al.*, *supra.* En otras palabras, lo que se busca es permitir que las partes puedan prepararse para el juicio, de forma que tengan la oportunidad de

obtener evidencia necesaria para evaluar y resolver las controversias de su caso.

Es importante señalar que, si bien es cierto que nuestro máximo Foro ha interpretado que el mecanismo de descubrimiento de prueba debe ser amplio y liberal, también ha reconocido que este no es ilimitado o irrestricto. *Rivera et al. v. Arcos Dorados et al., supra.* Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022); *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 391 (2021). Sobre el particular, la Regla 23.1 de Procedimiento Civil (32 LPRA Ap. V) dispone lo siguiente:

> El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, en conformidad con las disposiciones de estas reglas, será como sigue:
>
> (a) En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles, y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible [...].

Cónsono con lo anterior, nuestra última instancia judicial ha reconocido dos limitaciones al descubrimiento de prueba. Estos son, que la información objeto del descubrimiento de prueba no sea privilegiada y que la misma sea pertinente a la controversia. *Rivera Durán v. Banco Popular de P.R., supra.* Véase, además, *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716 (1994); *Ortiz Rivera v. E.L.A., National Ins. Co,* 125 DPR 65 (1989); *General Electric v. Concessionaires, Inc.*, 118 DPR 32 (1986).

En sintonía con esto, el concepto de pertinencia para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. *General Electric v. Concessionaires, Inc., supra.* Así

pues, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia. *Íd.* No obstante, esto no significa que el ámbito del descubrimiento de prueba sea ilimitado.

El concepto de pertinencia tiene que interpretarse de manera cónsona con el principio rector de las reglas procesales: lograr la solución de las controversias de forma justa, rápida y económica. *General Electric v. Concessionaires, Inc., supra.*

En *Rodríguez v. Scotiabank de P.R.,* 113 DPR 210 (1982), nuestro Tribunal Supremo estableció que, aunque exista la requerida pertinencia, el derecho a la intimidad que nuestra Constitución reconoce, exige que se proteja al promovido, en palabras de la Regla 23.2 de Procedimiento Civil, *supra,* contra la opresión, el hostigamiento, la perturbación, las molestias o los gastos indebidos. Es decir, solo se debe hacer disponible la información estrictamente pertinente. *General Electric v. Concessionaires, Inc., supra.* El método de descubrimiento puede alterarse. Íd. Aun puede prohibirse el descubrimiento cuando los fines de la justicia claramente lo requieran. *Íd.* Así pues, la acción a tomar dependerá de las circunstancias particulares de cada caso. *Íd.*

Así, debemos recordar que los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera et al. v. Arcos Dorados et al., supra; Cruz Flores et al. v. Hosp. Ryder et al., supra.* Por esa razón, este Tribunal de Apelaciones no debe intervenir con dicha discreción; salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *Rivera Durán v. Banco Popular de P.R., supra,* págs. 154-155.

**III.**

En atención a que los recursos consolidados de epígrafe están estrechamente relacionados, por tratarse del mismo asunto y derecho aplicable, procedemos a discutirlos de forma conjunta.

En los recursos TA2026CE00676 y TA2026CE00677, la parte peticionaria esencialmente argumenta que erró y abusó de su discreción el Tribunal de Primera Instancia al denegar la enmienda a la *Demanda.* Es su contención que, la enmienda propuesta no introducía hechos nuevos, no alteraba la naturaleza del pleito, no causaba perjuicio indebido al Municipio ni dilataba los procedimientos, sino que únicamente articulaba teorías jurídicas adicionales subsumidas en el mismo núcleo fáctico de la demanda original. Sostiene, además, que la determinación recurrida demuestra prejuicio, parcialidad, craso abuso de discreción y error en la aplicación de una norma procesal, pues el foro de instancia denegó una enmienda procedente sin identificar un perjuicio real, una dilación indebida o una razón jurídicamente suficiente que justificara cerrar la puerta a la adjudicación completa de las controversias.

De otra parte, arguye que la controversia real en el pleito era si la parte recurrida poseía jurisdicción para imponer el arbitrio, la constitucionalidad de dicha imposición y las violaciones al debido proceso en el transcurso de la imposición. Manifiesta que resultaba irrelevante la conclusión del foro recurrido respecto a que COBRA compareció a una reunión o vista administrativa ante el Municipio y no cuestionó allí el cómputo final del arbitrio. Así, puntualiza que desde el inicio cuestionó la legalidad del procedimiento, las deficiencias del debido proceso y la necesidad de que la controversia fuese adjudicada por un ente imparcial, por lo que resultaba insostenible utilizar su comparecencia a la reunión para impedir la enmienda solicitada cuando

la misma (su comparecencia) siempre estuvo dirigida a objetar y controvertir el procedimiento administrativo. Finalmente, reitera que la enmienda pretendía que se adjudicaran en un solo procedimiento las consecuencias jurídicas de una misma actuación municipal.

Con relación a los recursos TA2026CE00755 y TA2026CE00756 la parte peticionaria plantea que erró el TPI al reconsiderar y desautorizar el descubrimiento de prueba limitado previamente concedido sobre la información y metodología utilizada por el Municipio para computar el costo del proyecto y la cuantía reclamada por concepto de arbitrios y/o deficiencia, al concluir erróneamente que COBRA ACQUISITIONS, LLC v. Municipio de Yabucoa, *supra*, privaba al foro primario de jurisdicción para permitir dicho descubrimiento.

Indica, además, que el foro primario abusó de su discreción al convertir una limitación jurisdiccional estrecha en una prohibición absoluta de descubrimiento. Señala que COBRA ACQUISITIONS, LLC v. Municipio de Yabucoa, *supra*, no resolvió que la metodología utilizada por un municipio para calcular una cuantía reclamada judicialmente fuera privilegiada, impertinente o no descubrible. Sostiene que COBRA ACQUISITIONS, LLC v. Municipio de Yabucoa, *supra*, tampoco resolvió que un municipio pueda presentar una reconvención por una suma especifica y, simultáneamente, impedir que la parte contraria descubra como llegó a esa suma.

Asimismo, arguye que, si el Tribunal entendía que carecía de jurisdicción sobre toda controversia relacionada con el arbitrio o la deficiencia, debía declararlo así y disponer del caso conforme a derecho.

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari*, este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición. En el caso ante *nos*, es la postura de la parte peticionaria que erró el foro primario al denegar sus

solicitudes para enmendar las *demandas* instadas contra el Municipio y al desautorizar el descubrimiento de prueba previamente limitado.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Al examinar cuidadosamente el trámite procesal del caso y los dictámenes recurridos, no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra*; *SLG Flores-Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp*, 184 DPR 689 (2012).

En el caso de autos, el foro primario evaluó la solicitud para enmendar la *Demanda* instada por la parte peticionaria y su correspondiente oposición y, luego de un análisis, determinó denegar la solicitud de COBRA para que se le autorizara enmendar la *Demanda* en una etapa avanzada de los procedimientos. Con tal proceder, el foro *a quo* actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su

consideración de forma que se pueda asegurar la más eficiente administración de la justicia. Véase, *Vives Vázquez v. ELA*, 142 DPR 117 (1996).

Tampoco incidió el foro primario, ni abusó de su discreción al reconsiderar y desautorizar el descubrimiento de prueba limitado previamente.

En virtud de lo anterior, colegimos que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. *Pueblo v. Rivera Santiago*, *supra*; *SLG Flores-Jiménez v. Colberg*, *supra*. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp*, supra, pág. 709. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

En conclusión, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, se deniega la expedición de los autos de *certiorari* de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones